UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------
UNITED STATES OF AMERICA,

                                Plaintiff,                  **MEMORANDUM AND ORDER**
                                                                         **05-CV-5663 (DRH) (GRB)**

       -against-

WILMA M. HUNT WATTS a/k/a
WILMA M. HUNT,

                                Defendant.

-----------------------------------------------------X
**APPEARANCES:**

**For the Plaintiff:**
MICHAEL T. SUCHER
26 Court Street, Suite 2412
Brooklyn, NY 11242
By:    Michael T. Sucher, Esq.

**For the Defendant:**
LAW OFFICES OF ALBERT VAN-LARE
125 Maiden Lane, Suite 510
New York, NY 10038
By:    Albert Van-Lare, Esq.
        Emily Anne Hariharan, Esq.

**Hurley, Senior District Judge:**

       Plaintiff the United States of America ("the Government" or "plaintiff") commenced this action against defendant Wilma M. Hunt Watts a/k/a Wilma M. Hunt ("Watts" or "defendant") to collect defendant's outstanding balance on her student loans. On February 12, 2007, the Court approved a Consent Judgment between the parties. On March 28, 2007, the Government filed a motion for a writ of continuing garnishment as to Nassau Healthcare Corporation ("Nassau Healthcare Garnishment"). Defendant did not object to the Nassau Healthcare Garnishment, and the Court granted the Government's motion on July 24, 2007. On January 31, 2014, the

Government filed a motion for writ of continuing garnishment as to J.P. Morgan Chase Bank ("Chase Bank Garnishment"). On February 19, 2014, in opposition to the Chase Bank Garnishment, defendant submitted an objection stating that defendant sought to vacate the 2007 Consent Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). On February 26, 2014, this Court referred the matter to Magistrate Judge Gary R. Brown. On August 5, 2014, Judge Brown issued a Report and Recommendation ("R & R") recommending that defendant's motion to vacate the Consent Judgment be denied. Presently before the Court are defendant's August 19, 2014 objections to that R & R. For the reasons set forth below, Watts's objections to Judge Brown's ruling are denied.

## BACKGROUND

The Court assumes familiarity with the facts and procedural history as set forth in Magistrate Judge Brown's Report and Recommendation.

## DISCUSSION

### I. Legal Standard

Rule 72(b)(3) provides that "a district judge must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "The *de novo* review requires the district court neither to 'rehear the contested testimony' nor to 'conduct a new hearing on contested issues.' " *Gutman v. Klein,* 2010 WL 4916722, at *1 (E.D.N.Y. Nov. 24, 2010) (quoting *United States v. Raddatz,* 447 U.S. 667, 674–75 (1980)). Moreover, even on a *de novo* review, a district court will generally "refuse to consider arguments, case law and/or evidentiary material which could have

been, but was not, presented to the magistrate judge in the first instance." *Kennedy v. Adamo,* 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (quoting *Haynes v. Quality Markets,* 2003 WL 23610575, at *3 (E.D.N.Y. Sept. 22, 2003)) (internal quotation marks and alteration omitted).

## II. Watts's Objections

Watts objects to Judge Brown's R & R on the grounds that it "failed to include any analysis or mention of Defendant's argument regarding the consolidation of her student loans which would in turn make the [consent] judgment void in this case." (Objs. at 2.) *Id*. According to defendant, she "believed she had a defense to this case [based on the fact that all of her student loans were consolidated and not in default at the time of the Consent Judgment] from the beginning and the Defendant's previous counsel completely ignored that to Defendant's extreme detriment." (*Id*. at 4.) Additionally, defendant "objects to the Magistrate's finding that [her] motion was not made within a reasonable time, and that Defendant's circumstances do not constitute a clear explanation of why Defendant was unable to make a motion to vacate until this year." (*Id*.)

Defendant moves to vacate the Consent Judgment pursuant to Rule 60(b)(4) and 60(b)(6), providing that "the court may relieve a party . . . from a final judgment, order, or proceeding" if "the judgment is void" or for "any other reason that justifies relief." "A motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo,* 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002) (citing *Mendell on Behalf of Viacom, Inc. v. Gollust,* 909 F.2d 724, 731 (2d Cir. 1990)). Nonetheless, the Second Circuit has cautioned that Rule 60(b) provides "extraordinary judicial relief" to be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986); *see also Emp'rs Mut. Cas. Co. v. Key*

3

*Pharm.,* 75 F.3d 815, 824–25 (2d Cir. 1996) ("A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested."). In evaluating a Rule 60(b) motion, the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result. *See, e.g., Kotlicky v. U.S. Fidelity & Guar. Co.,* 817 F.2d 6, 9 (2d Cir. 1987); *Williams v. New York City Dep't of Corr.,* 219 F.R.D. 78, 84 (S.D.N.Y. 2003).

Rule 60(c) provides that motions made pursuant to subsections (b)(4) and (b)(6) "must be made within a reasonable time . . . after the entry of the judgment." What constitutes a reasonable time is ascertained through scrutiny of "the particular circumstances of the case, and balanc[ing] the interest in finality with the reasons for delay." *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 897 (2d Cir. 1983), *cert. denied*, 464 U.S. 936 (1983). Moreover, relief from a judgment may not be granted to one "who does not act with due diligence." *Questrom v. Federated Dep't Stores, Inc.,* 192 F.R.D. 128, 132 (S.D.N.Y. 2000). Furthermore, to justify relief under subsection (6), it must be shown "that the [moving] party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 393 (1993).

Here, the Consent Judgment that defendant wishes to vacate was entered on February 12, 2007. Moreover, on July 24, 2007, the Court granted the Government's motion for a writ of garnishment as to Nassau Health Care Corporation, where defendant was employed. Defendant made no objections to the judgment or the Nassau Health Care Garnishment until the present motion, made approximately seven years after the Consent Judgment.

The Court has reviewed the materials submitted by defendant in support of her objections, and finds that in light of the circumstances of this case, defendant did not make her 60(b) motion

4

within a reasonable time.[1] Defendant attempts to justify her delay in making the current motion with the failure of her previous counsel to inform her that he had entered into a Consent Judgment with the plaintiff (Def.'s Decl. ¶ 11) and her involvement in a car accident in July of 2007. (*Id*. ¶ 23.) According to defendant, the car accident resulted in "severe facial injuries, severe pain and numbness in [her] right arm." (*Id*. ¶ 24.) Although defendant returned to work approximately two to three weeks after the accident (*id*. ¶ 25), in March of 2008 she required further medical attention and surgery causing her to remain in the hospital for one month and to spend one month in a rehabilitation center. (*Id*. ¶¶ 27-32.) Furthermore, defendant states that as a result of the surgery she "suffered from certain disabilities and was unemployed." (*Id*. ¶ 34.)

Defendant's explanation, however, simply does not justify her seven-year delay in moving to vacate the consent judgment. *See Taylor v. Superintendent*, 2014 WL 1330905, at *1 (E.D.N.Y. Mar. 31, 2014) ("The court finds that because in this case Petitioner waited over seven years from judgment to bring his Rule 60(b) motion, it must be denied as untimely.") According to defendant's declaration, she was aware of the Nassau Healthcare Garnishment prior to July of 2007. (*Id*. ¶ 22.) Still, she took no action regarding the writ, which she received in May of 2007 along with instructions advising her that she had a right to object. (see DE 20, Motion for Writ of Garnishment and DE 23, Affidavit of Service for Writ for Continuing Garnishment served on Defendant.). Moreover, although she was involved in a car accident in July of 2007, she was able to return to work approximately two to three weeks after the car accident. Defendant has

---

[1] To the extent defendant's 60(b) motion is based on the ineffective assistance of previous counsel, some courts have held that such a claim is encompassed by Rule 60(b)(1), which provides relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." *In re Staffieri*, 2012 WL 1945697, at *3 (Bankr. E.D.N.Y. May 30, 2012). A Rule 60(b)(1) motion must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Clearly, defendant's motion, filed over seven years from the date of the judgment, does meet that requirement.

not sufficiently demonstrated why she could not seek relief prior to re-entering the hospital in 2008, and there is nothing in the record indicating that anything reasonably prevented defendant from seeking relief in the years after her surgery and rehabilitation. As a result, the defendant has not met the reasonable time requirement of her 60(b) motion, and that motion is denied. Furthermore, since the Court denies defendant's motion on that basis, it need not address the merits of defendant's loan consolidation argument.

## Conclusion

For the foregoing reasons, Watts's objections to Magistrate Judge Brown's Report and Recommendation are denied.

**SO ORDERED.**

Dated: Central Islip, New York
       January 23, 2015                         _____/s/_____
                                                     Denis R. Hurley
                                                     United States District Judge